COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, ss. | SUPERIOR COURT DEPARTMENT<br>OF THE TRIAL COURT<br>CIVIL ACTION NO. **BLS** _____ |

| | |
|---|---|
| CAMPUS STORES OF MASS., INC.,<br><br>          Plaintiff,<br><br>v.<br><br>FOLLETT HIGHER EDUCATION GROUP,<br>INC.<br><br>          Defendant. | **PLAINTIFF'S MOTION FOR<br>PRELIMINARY INJUNCTION** |

   Pursuant to Mass.R.Civ.P. 65(b), Plaintiff Campus Stores of Mass., Inc. ("Campus Stores") hereby moves for a preliminary injunction to enforce the restrictive covenants contained in a Confidentiality and Nondisclosure Agreement (the "Agreement") signed by Defendant Follett Higher Education Group, Inc. ("Follett") in connection with its potential acquisition of Campus Stores in 2003. Specifically, Plaintiff seeks to enjoin Follett from contacting, soliciting or accepting business from Campus Stores' customers, including, without limitation, Curry College.

   As described more fully in Plaintiff's supporting memorandum of law and in the Verified Complaint, filed herewith, Campus Stores is entitled to preliminary injunctive relief to enforce the restrictive covenants in the Agreement because it can demonstrate: (1) a likelihood of success on the merits of its claim that Follett breached, or is threatening to breach, the Agreement; (2) a substantial risk that Campus Stores will suffer irreparable harm in the absence of the requested injunction; and (3) that the gravity of the risk of harm to Campus Stores, considered in the light

of its chances of success, outweighs the risk of harm to Follett. Specifically, Follett has breached the Agreement by contacting and soliciting the business of Curry College, one of Campus Stores' customers. If Follett is permitted to contact and solicit Campus Stores' customers, it would be able to obtain an unfair competitive advantage based on its knowledge of Campus Stores' Confidential Information, including its pricing, commission structure, contract terms, and staffing models. As such, the bidding process for the renewal of Campus Stores existing accounts would unfairly favor Follett, thus resulting in irreparable harm to Campus Stores.

Although Campus Stores has demanded that Follett cease and desist its efforts to procure the Curry College contract, Follett has failed to give any assurances it has done so. Given Follett's calculated efforts to raid Campus Stores' customer base and its conscious disregard of its clear contractual obligations, an injunction is necessary to prevent Campus Stores from suffering the irreparable harm that would result if Follett is permitted to benefit from its violation of the Agreement.

WHEREFORE, Campus Stores respectfully requests that the Court grant its Motion for Preliminary Injunction and enter in the Order in the form attached thereto as Exhibit A.

Respectfully Submitted,

CAMPUS STORES OF MASS., INC.

By its attorneys,

_____
Christopher P. Litterio, BBO #551098
Bradley L. Croft, BBO #633347
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, MA 02114
(617) 742-4200

Dated: May 26, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail by hand on May 26, 2005
_____

- 2 -

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

CAMPUS STORES OF MASS., INC.,

        Plaintiff,

v.

FOLLETT HIGHER EDUCATION GROUP, INC.

        Defendant.

**ORDER – PRELIMINARY INJUNCTION**

    Until further order of this Court, it is hereby ORDERED and ADJUDGED that Defendant Follett Higher Education Group, Inc. is enjoined, prohibited and restrained from the following:

    (1)    Disclosing or using any Confidential Information that it received from Plaintiff without Plaintiff's prior written consent; and

    (2)    Contacting, soliciting or accepting business from, either directly or indirectly, Campus Stores' suppliers, customers or host colleges, including without limitation Curry College, through the close of the next round of contract bidding for each such supplier, customer or host college.

**ENTERED AS AN ORDER OF THIS COURT THIS _____ DAY OF MAY, 2005.**

_____

(_____, J.), Justice of the Superior Court