IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAMPUS STORES OF MASS., INC.,<br><br>               Plaintiff,<br><br>v.<br><br>FOLLETT HIGHER EDUCATION GROUP, INC.<br><br>               Defendant. | C.A. NO. 05 CV 11116 NG |

**PLAINTIFF'S EMERGENCY MOTION FOR IMMEDIATE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff Campus Stores of Mass., Inc. ("Campus Stores") hereby seeks an immediate hearing on its Motion for Preliminary Injunction, which had been scheduled to be heard this morning in Superior Court but was delayed as a result of Defendant's removal of this action to this court. Through this action, Campus Stores seeks to enforce a Confidentiality and Nondisclosure Agreement (the "Agreement") to prevent Defendant Follett Higher Education Group, Inc. ("Follett") from using its Confidential Information to raid Plaintiff's customers. Most immediately, there is a grave and urgent danger that, as of tomorrow June 1, 2005, Follett will accept business from Curry College, one of Plaintiff's customers, as Plaintiff's contract with Curry will have expired at the close of the day today.

Campus Stores will suffer irreparable harm if its Motion for Preliminary Injunction is not heard and decided today. The motion had been scheduled for a hearing in Suffolk Superior Court for 10:00 a.m. today before Defendant removed this case late on Friday. Counsel for

Defendant is aware of Plaintiff's intent to have its motion heard by this Court today and is available to appear for a hearing.

As grounds in support of this motion, Plaintiff states as follows:

1. Curry College is one of Plaintiff's customers. Plaintiff's contract with Curry College expires at the end of the day today, May 31, 2005.

2. Follett expressly agreed not to accept business from any of Plaintiff's customers, including Curry College, pursuant to the restrictive covenants in the Agreement which it entered into in connection with its potential purchase of Plaintiff's business in late 2003. Specifically, Follett agreed "not to contact, solicit or accept business from" Campus Stores' customers. (See Agreement, attached hereto at Tab A.)

3. Notwithstanding such covenants, in early May, Plaintiff learned that Follett may have been pursuing the Curry College account.

4. On Thursday, May 26, 2005, with the May 31, 2005 deadline looming and the prospect for settlement uncertain, Plaintiff filed its Verified Complaint and Motion for Preliminary Injunction in the Suffolk Superior Court. Defendant's counsel was provided with all pleadings, notice of filing and the date for the hearing on the Motion for Preliminary Injunction on the same day at approximately 3:00 p.m.

5. At approximately 4:30 p.m. on Friday, May 27, 2005, however, Plaintiff's counsel received documents from Plaintiff purporting to remove the case to the United States District Court. Concerned that the removal may be a stall tactic designed to delay the issuance of the injunction until after May 31, 2005 so that it could contract with Curry, Plaintiff's counsel called Defendant's counsel. During that conversation, Defendant's counsel stated that he would

send an email later that day as to whether his client intended to proceed with the Curry College account.

6. Such an email was not sent until yesterday, Monday, May 30, 2005 at 2:00 p.m., the day before Plaintiff's contract is set to expire with Curry College, wherein Defendant's counsel stated: "***Please be advised that Follett plans to proceed with Curry.***" (Emphasis added.) A copy of this e-mail is attached hereto at Tab B.

7. Absent an immediate hearing or entry of a Temporary Restraining Order preserving the status quo until such time as hearing can be conducted, Defendant's removal of this action will have deprived Plaintiff of the opportunity to obtain the injunctive relief necessary to prevent the irreparable harm which may result if the hearing is held after today's May 31, 2005 deadline.

WHEREFORE, for the foregoing reasons, Plaintiff Campus Stores of Mass., Inc. hereby requests that this Court:

(1) Conduct a hearing on Plaintiff's Motion for Preliminary Injunction forthwith; or

(2) Issue a Temporary Restraining Order, in the form attached hereto at Tab C, in order to preserve the status quo until such time as a full hearing can be conducted on Plaintiff's Motion for Preliminary Injunction.

## RULE 7.1 DISCLOSURE STATEMENT

Plaintiff Campus Stores of Mass., Inc., hereby certifies that it is a privately held corporation and has no parent corporation.

## REQUEST FOR HEARING

Plaintiff Campus Stores of Mass, Inc. hereby requests an immediate hearing on the within Motion. Plaintiff certifies that it has notified Defendant's counsel, in writing, of its intention to appear on this Day to seek an emergency hearing.

PLAINTIFF

CAMPUS STORES OF MASS., INC.

By its Attorneys,

_____
Christopher P. Litterio, BBO #551098
Bradley L. Croft, BBO #633347
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, MA  02114
(617) 742-4200

Dated: May 31, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail by facsimile by hand on May 31, 2005

_____

EX.
A

Case 1:05-cv-11116-NG    Document 4    Filed 05/31/2005    Page 5 of 13

# CONFIDENTIALITY & NONDISCLOSURE AGREEMENT

AGREEMENT made as of this 23rd day of July, 2003, by and between Campus Stores of Mass., Inc., a company having a place of business at 645 County Street, Taunton, Massachusetts 02780 (hereinafter "**Campus Stores**") and Follett Corporation Higher Education Group, of 1818 Swift Drive, Oak Brook, Illinois 60523 (hereinafter "**Follett-HEG**").

In consideration of the mutual promises contained herein and for other good and valuable consideration, the parties hereto agree as follows:

1. Campus Stores and Follett-HEG both have as their purpose an interest in exploring a possible business relationship which may include a sale of Campus Stores' business. In order for the parties to explore this relationship, it may be necessary for each party to disclose certain of its Confidential Information.

2. As used in this Agreement the term "**Confidential Information**" means all data or information not generally known outside of Campus Stores' or Follett-HEG's business, as the case may be, whether prepared or developed by a source outside the respective company or received by the respective company from any outside source. Without limiting the scope of this definition, "Confidential Information" includes any customer files, sales reports, customer lists, sales invoices, concepts, ideas, trade secrets, and other methods and processes, formulae, data and know-how, discoveries, product development activities, developments, improvements, inventions, techniques, business or marketing plans, strategies, forecasts, new products, software packages and related documentation, unpublished financial statements and other financial information, budgets, projections, licenses, prices, costs, patent applications, customer and supplier lists, confidential reports and communications, contracts, and any other record, materials or information relating to the present or future business, products or prospects of either party which are not generally known to others engaged in similar business or activities.

3. The parties agree that any Confidential Information received or acquired by one party (the "**Receiving Party**") from the other party (the "**Disclosing Party**") hereunder, shall be held in trust and confidence for the Disclosing Party and Receiving Party shall not, without the prior written consent of the Disclosing Party, disclose such Information to anyone, nor use such Information for any purpose except in connection with the activities contemplated by this Agreement. The Receiving Party may disclose Confidential Information to his or her attorneys, accountants or other professional advisors, provided however that such advisor shall be bound by the terms hereof.

4. All written or other tangible embodiments of the Confidential Information, including, without limitation, plans, drawings, operations, specifications, financial statements, projections, contracts, models, or data disclosed in writing (or other tangible form, including without limitation, software, firmware and magnetic media) by the Disclosing Party to the Receiving Party in connection with this Agreement shall remain the property of the Disclosing Party at all times and shall be returned or delivered to the Disclosing Party upon request of the Disclosing Party together with all copies made thereof.

5. Each party shall have the right to refuse to accept any information under this Agreement, and nothing herein shall obligate either party to disclose to or receive from the other party, any particular information.

6. No disclosure of Confidential Information hereunder shall be deemed to constitute or imply any license or right to use or practice the same except as expressly provided herein.

7. Subject always to paragraph 3 above, however, the obligations of the Receiving Party with respect to the confidentiality and use of the Confidential Information of the Disclosing Party shall survive any termination of this Agreement and the cessation of the activities contemplated thereby for a period of five (5) years after disclosure of the relevant Confidential Information.

8. This Agreement shall not constitute an offer to sell the business of the Disclosing Party, or any portion thereof; the purpose of this Agreement being to allow the parties hereto the opportunity to determine if further negotiations concerning a sale of the business of the Disclosing Party, or portion thereof, should continue.

9. Upon written request of the Disclosing Party, the Receiving Party shall immediately return to the Disclosing Party any and all Confidential Information and copies thereof subject to this Agreement.

10. The Receiving Party agrees that for a period of two (2) years following the receipt of any Confidential Information from the Disclosing Party, it shall not hire any employee of the Disclosing Party, nor solicit or induce any employee of the Disclosing Party to terminate their employment with the Disclosing Party. Furthermore, the Receiving Party shall not use any Confidential Information of the Disclosing Party for any competitive purposes. Follett-HEG agrees not to contact, solicit or accept business from, either directly or indirectly, Campus Stores' suppliers, customers or host colleges through the close of the next round of contract bidding for each such supplier, customer or host college. The restriction in the immediately preceding sentence shall be applicable only with respect to the first time each of such contracts come up for bid or renewal following the date of this Agreement.

11. In the event of any breach or threatened breach of any provision of this Agreement, the Disclosing Party shall be entitled to immediate temporary, preliminary and/or permanent injunctive relief to prevent any such breach or threatened breach, in addition to any other relief available at law or at equity.

12. The provisions of this Agreement shall be deemed severable, and invalidity or unenforceability of any one or more of the provisions hereof, shall not affect the validity and enforceability of the other provisions hereof.

13. The Receiving Party indemnifies and agrees to hold the Disclosing Party harmless from and against any and all losses, damages, liabilities, costs and expenses, including attorneys'

fees, incurred by the Disclosing Party, arising out of or relating to the breach by the Receiving Party of any of the agreements contained herein.

14. This Agreement supersedes all prior agreements, understandings, representations and statements, whether oral or written, between the parties relating to the subject matter of this Agreement. The terms of this Agreement may not be changed except by subsequent written agreement duly executed by each of the parties.

15. Any notice given under this Agreement shall be in writing and delivered by first class mail, facsimile or telex to the parties at the address set forth above, unless changed by written notice.

16. This Agreement shall be governed by and interpreted in accordance with the laws of The Commonwealth of Massachusetts. The parties hereby agree to submit to the exclusive jurisdiction of the courts of The Commonwealth of Massachusetts, and as necessary, the Federal courts of the United States of America located in such state, in respect of the interpretation and enforcement of all matters relating to this Agreement, and hereby waive and agree not to assert, as a defense in any action, suit or proceeding for the interpretation or enforcement of this Agreement, that such respective party is not subject thereto or that such action, suit or proceeding may not be brought or is not maintainable in said court or that this Agreement may not be enforced in or by said courts.

IN WITNESS WHEREOF the parties hereto have executed this Agreement under seal the day and year first written above.

CAMPUS STORES OF MASS, INC.

By: *Eric A. Cressman*
Name: ERIC A. CRESSMAN
Title: PRESIDENT

FOLLETT HIGHER EDUCATION GROUP

By: _____
Name: Scott Deaton
Title: Executive Vice President, Marketing

# Bradley Croft

**From:** Berthiaume, Mark [mberthiaume@seyfarth.com]
**Sent:** Monday, May 30, 2005 1:59 PM
**To:** David Baer; Chris Litterio; Bradley Croft
**Subject:** RE: Follett - Campus

Gentlemen,

I have received Brad's letter enclosing the original summons and order of notice. I will have this original returned to you in the morning unless you want to have someone pick it up today. Please be advised that Follett plans to proceed with Curry. I understand that you will be seeking to get a hearing on your request for injunctive relief scheduled in federal court for some time tomorrow. Please let me know if and when such a hearing is scheduled. Finally, I understand that you will be filing an Amended Complaint which strikes all references to our communications which I have advised you constitute settlement discussions. Please let me know when you intend to file this amended pleading. Mark

Mark A. Berthiaume
SEYFARTH SHAW LLP
Two Seaport Lane
Suite 300
Boston, MA 02210
617-946-4990
617-946-4801 fax
mberthiaume@seyfarth.com

-----Original Message-----
**From:** David Baer [mailto:DB@riw.com]
**Sent:** Friday, May 27, 2005 4:19 PM
**To:** Berthiaume, Mark
**Cc:** Chris Litterio
**Subject:** Follett - Campus

Mark - If you send Chris Litterio a letter today regarding Follett's withdrawal from Curry, would you please also copy me. Thank you. David

David Baer
**Ruberto, Israel & Weiner, P.C.**
100 North Washington Street
Boston, MA 02114
617.742.4200 ext. 244
617.742.2355 fax
db@riw.com
www.riw.com

Confidentiality Note: This email and any accompanying attachments contain information from the law firm of Ruberto, Israel & Weiner P.C. which may be confidential and/or privileged. The information is intended only for the use of the individual or entity named in the e-mail. If you are

not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this e-mail and its attachments is strictly prohibited, and that the e-mail should be deleted from your system immediately. If you have received this e-mail in error, please notify us immediately by telephone at 617.742.4200 so that we may take appropriate remedial action. Thank you.

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAMPUS STORES OF MASS., INC.,<br><br>Plaintiff,<br><br>v.<br><br>FOLLETT HIGHER EDUCATION GROUP, INC.<br><br>Defendant. | C.A. NO. 05 CV 11116 NG |

**TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

Until further order of this Court, it is hereby <u>ORDERED</u> that Defendant Follett Higher Education Group, Inc. is enjoined, prohibited and restrained from the following:

(1) Disclosing or using any Confidential Information that it received from Plaintiff without Plaintiff's prior written consent; and

(2) Contacting, soliciting or accepting business from, either directly or indirectly, Campus Stores' suppliers, customers or host colleges, including without limitation Curry College, through the close of the next round of contract bidding for each such supplier, customer or host college.

**ENTERED AS AN ORDER OF THIS COURT THIS 31ST DAY OF MAY, 2005.**

_____

(Gertner, J.), United States District Court Judge