MAS-20030912
guen

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05/31/2005
10:32 AM

## SUCV2005-02120
## Campus Stores Mass Inc v Follett Higher Education Group

| | | | |
|---|---|---|---|
| **File Date** | 05/26/2005 | **Status** | Disposed: transfered to other court (dtrans) |
| **Status Date** | 05/31/2005 | **Session** | BLS2 - CtRm 1017, 3 Pemberton Square, Boston |
| **Origin** | 1 | **Case Type** | BD3 - Restrictive covenants |
| **Lead Case** | | **Track** | B |

| | | | | |
|---|---|---|---|---|
| **Service** | | **Answer** | | **Rule12/19/20** | |
| **Rule 15** | | **Discovery** | | **Rule 56** | |
| **Final PTC** | | **Disposition** | | **Jury Trial** | Yes |

05-11116NG

**PARTIES**

| | |
|---|---|
| **Plaintiff**<br>Campus Stores Mass Inc<br>Active 05/26/2005 | **Private Counsel 551098**<br>Christopher P Litterio<br>Ruberto Israel & Weiner PC<br>100 North Washington Street<br>Boston, MA 02114-2128<br>Phone: 617-742-4200<br>Fax: 617-742-2355<br>Active 05/26/2005 Notify<br><br>**Private Counsel 633347**<br>Bradley L Croft<br>Ruberto Israel & Weiner PC<br>100 North Washington Street<br>Boston, MA 02114-2128<br>Phone: 617-742-4200<br>Fax: 617-742-2355<br>Active 05/26/2005 Notify |
| **Defendant**<br>Follett Higher Education Group<br>Service pending 05/26/2005 | **Private Counsel 041715**<br>Mark A Berthiaume<br>Seyfarth Shaw<br>2 Seaport Lane Suite 300<br>World Trade Center East<br>Boston, MA 02210-2028<br>Phone: 617-946-4800<br>Fax: 617-946-4801<br>Active 05/31/2005 Notify<br><br>**Private Counsel 567115**<br>Susan Gelwick<br>Seyfarth Shaw<br>2 Seaport Lane<br>World Trade Center East<br>Boston, MA 02210-2028<br>Phone: 617-946-4800<br>Fax: 617-946-4801<br>Active 05/31/2005 Notify |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 05/26/2005 | 1.0 | Complaint (Business) filed with request for trial by jury |

MAS-20030912
guen

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

05/31/2005
10:32 AM

## SUCV2005-02120
## Campus Stores Mass Inc v Follett Higher Education Group

| Date | Paper | Text |
|---|---|---|
| 05/26/2005 | | Origin 1, Type BD3, Track B. |
| 05/26/2005 | 2.0 | Civil action cover sheet filed |
| 05/26/2005 | 3.0 | Plffs motion for short order of notice |
| 05/26/2005 | 4.0 | Plffs motion for preliminary injunction |
| 05/26/2005 | | Notice ordered issued re: preliminary injunction returnable Wednesday June 1, 2005 in room 1017 at 2:00PM (Burnes J) Summons and order of notice issued See P#1 |
| 05/26/2005 | 5.0 | Notice of acceptance into the business litigation session |
| 05/27/2005 | | Notice ordered issued re: preliminary injunction returnable Tuesday May 31, 2005 in room 1017 at 10:00AM (Burnes J) Summons and order of notice issued See P#1 |
| 05/27/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Follett Higher Education Group, Inc., U. S. Dist.#(05-CV-11116NG). |
| 05/31/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 05/31/2005 | CtRm 1017, 3 Pemberton | Motion/Hearing: prel inj | |
| 06/01/2005 | CtRm 1017, 3 Pemberton | Motion/Hearing: prel inj | Event rescheduled by court prior to date |

I HEREBY ATTEST AND CERTIFY ON MAY 31, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]
ASSISTANT CLERK.

Suffolk Superior Civil 05-2120

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 MAY 27 P 2:58
U.S. DISTRICT COURT
DISTRICT OF MASS.

CAMPUS STORES OF MASS., INC.,

Plaintiff,

v.

FOLLETT HIGHER EDUCATION GROUP, INC.,

Defendant.

05 11116 NG

C.A. No.

I hereby certify on 5/27/05 that the foregoing document is true and correct copy of the electronic docket in the captioned case electronically filed original filed on original filed in my office on 5/27/05
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: Deputy Clerk

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Follett Higher Education Group, Inc. (hereinafter "Follett") hereby removes to this Court the above-entitled action based on the following supporting grounds:

1. On or about May 26, 2005, plaintiff Campus Stores of MA, Inc. ("Plaintiff") commenced a civil action against Follett in the Business Litigation Session of the Suffolk County Superior Court, Commonwealth of Massachusetts, entitled Campus Stores of MA, Inc. v. Follett Higher Education Group, Inc., Civil Action No. BLS-2005-02120, seeking an unidentified amount of damages, but which Follett believes will be sought in an amount in excess of $75,000, for Follett's alleged breach of contract with Plaintiff and interference with Plaintiff's advantageous business relations.

2. Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, and orders served on Follett are attached as Exhibit A.

3. This Court has original diversity jurisdiction over this action under 28 U.S.C. § 1332, in that:

(a) the amount in controversy is believed to be in excess of $75,000, exclusive of interest and costs; and

(b) Plaintiff and Defendant are citizens of different states. Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Massachusetts and having a principal place of business at 645 County Street, Taunton, MA. Follett is an Illinois corporation organized and existing under the laws of the state of Illinois and having a principal place of business in River Grove, Illinois.

4. Despite Plaintiff's failure to include any dollar amount of its alleged damages in order to avoid removal, this case meets the statutory requirement for removal of $75,000. In particular, according to the complaint, Plaintiff operates ten college campus book stores in Massachusetts and New Hampshire under contracts it has had with these colleges dating back at least twenty-five years. Plaintiff alleges that when it attempted to sell its business in 2003, Follett, a prospective purchaser, signed a confidentiality agreement and was provided with information as to Plaintiff's contracts, commission structure, and profit margins. According to Plaintiff, Follett breached a restrictive covenant in this confidentiality agreement, and used Plaintiff's confidential information to raid Plaintiff's customer base and interfere with its contracts with at least one of its host colleges. Should it prevail on the merits, Plaintiff will likely seek damages for, *inter alia*, the loss of one of its ten contracts with host colleges, a contract that Plaintiff is likely to estimate having a value in excess of $75,000. See Spielman v. Genzyme Corp., 251 F.3d 1, 5 (2001) (remand only appropriate if the Court is satisfied that the plaintiff would not be entitled to recover from defendant the jurisdictional minimum).

5. Counsel for Follett accepted service of Plaintiff's Complaint on behalf of Follett on May 27, 2005. Having been filed within 30 days of the date of service, Follett's Notice of

Removal is timely under 28 U.S.C. § 1446(b). Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354-55 (1999).

6. Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, will be filed with the Clerk of the Suffolk County Superior Court, Commonwealth of Massachusetts. All adverse parties will receive a copy of the notice filed with that court.

7. Pursuant to Local Rule 81.1(a), Follett will request from the clerk of the Suffolk County Superior Court certified or attested copies of all records and proceedings in the state court, and certified or attested copies of all docket entries therein, including a copy of this Notice of Removal, and will file the same with this Court within thirty (30) days after the filing of this Notice of Removal.

WHEREFORE, Follett hereby removes the above-captioned action pending in the Suffolk Superior Court to this Court.

Respectfully submitted,

FOLLETT HIGHER EDUCATION GROUP, INC.

By its attorneys,

[signature: Susan Gelwick]

Mark A. Berthiaume, B.B.O. No. 041715
Susan W. Gelwick, B.B.O. No. 567115
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800

CERTIFICATION OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 5/27/05

[signature: Susan Gelwick]

DATED: May 27, 2005

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. BLS-2005-02120

| | |
|---|---|
| CAMPUS STORES OF MASS., INC., | ) |
| Plaintiff | ) |
| V. | ) |
| FOLLETT HIGHER EDUCATION GROUP, INC. | ) |
| Defendant | ) |

NOTICE OF FILING OF NOTICE OF REMOVAL

To: Christopher P. Litterio, Esq.
Bradley L. Croft, Esq.
Ruberto, Israel & Weiner, P.C.
100 North Washington Street
Boston, MA 02114

PLEASE TAKE NOTICE that Defendant Follett Higher Education Group, Inc., on May 27, 2005, did file in the United States District Court for the District of Massachusetts a Notice of Removal of Action Under 28 U.S.C. § 1441 (Diversity) to that Court. A true and accurate copy of the Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted,

FOLLETT HIGHER EDUCATION GROUP, INC.

By its attorneys,

Susan Gelwick

Mark A. Berthiaume, B.B.O. No. 041715
Susan W. Gelwick, B.B.O. No. 567115
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800

DATED: May 27, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on 5/27/05

Susan Gelwick
SUSAN W. GELWICK



BO1 15717858.1 / 12213-000001

May 27, 2005
The within order of Notice ... is hereby vacated ... May 26, 2005

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO. BLS - 05-2120 B.L.S.

CAMPUS STORES OF MASS., INC.,

Plaintiff,

v.

FOLLETT HIGHER EDUCATION GROUP,

Defendants.

**VERIFIED COMPLAINT AND JURY DEMAND**

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2005 MAY 26 P 2:39
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

SUFFOLK, ss. SUPERIOR COURT DEPT.
(date) May 27, 2005
Notice ordered issued hereon returnable at the ... on Tuesday May 31, 2005 10:AM
to show cause why ... should not ...
By the Court, ( , J.)
ATTEST:
Assistant Clerk

Summons and order of notice issued.

## Introduction

This is an action for breach of contract, breach of the implied covenant of good faith and fair dealing, interference with advantageous business relations, and violation of G.L. Chapter 93A arising from Defendant's breach of a Confidentiality and Nondisclosure Agreement that it executed in connection with its prospective acquisition of Plaintiff's business. Plaintiff seeks damages as well as injunctive relief.

## Parties

1. Plaintiff Campus Stores of Mass, Inc. ("Campus Stores") is a Massachusetts corporation with a principal place of business located at 645 County Street, Taunton, Bristol County, Massachusetts.

2. Follett Higher Education Group, Inc. ("Follett") is an Illinois Corporation with a registered place of business in Massachusetts located at 101 Federal Street, Boston, Suffolk County, Massachusetts.

**General Allegations**

3. Campus Stores operates and manages retail stores for ten colleges in Massachusetts and New Hampshire.

4. Upon information and belief, Defendant Follett is the largest college bookstore operator in the world, managing more than 700 nationwide campus bookstores and providing management systems, support services and textbooks to over 1,800 independently managed bookstores.

5. In or about 2003, Campus Stores attempted to sell its business. As part of an organized sales process, Campus Stores provided prospective purchasers with access to certain confidential information concerning Campus Stores' business ("Confidential Information"). The Confidential Information included, but was not limited to, information regarding the identity of the host colleges with which Campus Stores had contracts, the financial terms of each relationship, the commission structure, staffing models, profit margins and the dates that each contract was to expire. This information is not generally known to the public and is protected by Campus Stores.

6. Campus Stores was concerned that a prospective purchaser unfairly could use such information to its competitive advantage in future bidding contests. For example, a competitor could structure its bid so as to exceed the financial benefits that it knew the college had been receiving from Campus Stores. In order to eliminate this risk and to protect its existing and future relationships, Campus Stores required all prospective purchasers to sign a

Confidentiality Agreement as a strict condition precedent to permitting such access to its Confidential Information.

7. On or about July 23, 2003, Defendant Follett entered into a Confidentiality and Nondisclosure Agreement (the "Agreement") with Campus Stores, a copy of which is attached hereto as Exhibit A. The Agreement contains the following key provisions:

> 3. The parties agree that any Confidential Information received or acquired by one party (the "Receiving Party") from the other party (the "Disclosing Party") hereunder, shall be held in trust and confidence for the Disclosing Party and Receiving Party shall not, without the prior written consent of the Disclosing Party, disclose such Information to anyone, nor use such Information for any purpose except in connection with the activities contemplated by this Agreement.
>
> 10. [...] Furthermore, the Receiving Party shall not use any Confidential Information of the Disclosing Party for any competitive purposes. **Follett-HEG agrees not to contact, solicit or accept business from, either directly or indirectly, Campus Stores' suppliers, customers or host colleges through the close of the next round of contract bidding for each such supplier, customer or host college.** The restriction in the immediately preceding sentence shall be applicable only with respect to the first time each of such contracts come up for bid or renewal following the date of this Agreement.
>
> 11. In the event of any breach or threatened breach of any provision of this Agreement, the Disclosing Party shall be entitled to immediate temporary, preliminary and/or permanent injunctive relief to prevent any such breach or threatened breach, in addition to any other relief available at law or at equity.
>
> 12. The Receiving Party indemnified and agrees to hold the Disclosing Party harmless from and against any and all losses, damages, liabilities, costs and expenses, including attorneys' fees, incurred by the Disclosing Party, arising out of or relating to the breach by the Receiving Party of any of the agreements contained herein.

(Emphasis added).

8. Based upon Follett's covenants as set forth in the Agreement, Campus Stores provided Follett with a 41 page Confidential Offering Memorandum setting forth extensive

confidential information including financial data for each of Plaintiff's accounts, profit margins, staffing models, commission structures, operating expenses, and the dates each contract was to expire.

9. In 2004, Campus Stores' contract with Nichols College expired. At or about that time, a representative from Follett sought permission to bid on the Nichols College account. Campus Stores declined to grant Follett this permission, and invoked the provisions of the Agreement as set forth above. Follett acknowledged the enforceability of the Agreement, and indicated that it would abide by its covenants not to solicit or accept business from Campus Stores' host colleges. Upon information and belief, Follett ceased its pursuit of the Nichols College account.

10. For approximately 25 years, Campus Stores has had a contract with Curry College and has enjoyed an overall favorable relationship with the school. Campus Stores' current contract with Curry College was set to expire on May 31, 2005, a fact made known to Follett vis-à-vis the confidential disclosure detailed above. Until very recently, Curry College had never indicated that it did not intend to renew Campus Stores' contract. In fact, as recently as February 2005, Curry College sent Campus Stores a letter in which the college made clear that Campus Stores was part of its future plans beyond May 2005.

11. In or about early May 2005, Campus Stores learned that Follett was in the process of soliciting or negotiating an agreement with Curry College, in direct violation of its covenants to Campus Stores pursuant the Confidentiality Agreement. By letter dated May 5, 2005, counsel for Campus Stores wrote to Thomas Christopher, the president of Follett, to demand that Follett immediately cease and desist from further negotiations with Curry College.

12. Follett did not send a written response, and to date, has not denied that such negotiations were taking place.

13. In fact, counsel for Follett proposed an arrangement whereby Follett would pay Campus Stores to release the restriction preventing Follett from negotiating with Curry College and to buy Campus Stores' inventory in its Curry College store for an amount in excess of inventory cost. Campus Stores rejected that offer, and indicated that it intended to continue its business with Curry.

14. Immediately thereafter, in sharp contrast to Curry College's prior encouragement to submit a bid to renew the contract, Campus Stores received a letter dated May 18, 2005 from Curry College indicating for the first time that it was apparently dissatisfied with Campus Stores and that it intended to pursue a relationship with a "large national bookstore chain" instead of continuing on with Plaintiff. This letter was faxed to Campus Stores approximately two hours after its counsel had concluded a telephone conversation with Follett's counsel in which Curry's intentions regarding Campus Stores was discussed.

15. Upon information and belief, Curry College's decision to send this letter at this time was precipitated and improperly influenced by Follett, and demonstrates Follett's unfair competition and misuse of Campus Store's Confidential Information.

**COUNT I**
**(Breach of Contract)**

16. Campus Stores repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs one through 15 above.

17. There existed a contract between Campus Stores and Follett.

18. By and through its actions, as above-described, Follett has breached that contract.

19. As a direct and proximate result of said breach, Campus Stores has sustained damages.

**COUNT II**
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

20. Campus Stores repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs one through 19 above.

21. By and through its actions, Follett has breached the implied covenant of good faith and fair dealing in its contract with Campus Stores.

25. Follett's actions have injured Campus Stores' right to receive the fruits of the contract.

26. As a direct result of such breach, Campus Stores has been damaged.

**COUNT III**
**(Interference With Advantageous Relations)**

27. Campus Stores repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs one through 26 above.

28. Campus Stores contemplated an advantageous business relationship of economic benefit with Curry College.

29. Follett knew of the contemplated advantageous business relationship and, with improper motive and through improper means, intentionally and maliciously interfered with this relationship.

30. Campus Stores lost the advantage of said relationship as a direct result of Follett's conduct.

**COUNT IV**
**(Violation of G.L., Chapter 93A, §§ 2 and 11)**

31. Campus Stores repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs one through 30 above.

32. At all relevant times, Campus Stores and Follett were engaged in the conduct of trade or commerce.

33. Follett's conduct occurred substantially and primarily within Massachusetts.

34. Follett's conduct, as above-described, including without limitation, intentionally using Campus Stores' confidential business information in order to attempt to take business away from Campus Stores and to gain an unfair competitive advantage over Campus Stores, constitutes unfair and deceptive acts and practices within the meaning of G.L. chapter 93A, §§ 2 and 11.

35. As a direct and proximate result of Follett's conduct, Campus Stores has suffered money damages.

**COUNT V**
**(Injunctive Relief)**

36. Campus Stores repeats, realleges and incorporates by reference herein the allegations set forth in paragraphs one through 35 above.

37. Plaintiff is entitled to a Permanent Injunction, enjoining Defendant Follett from contacting, soliciting or accepting business from, either directly or indirectly, Campus Stores' suppliers, customers or host colleges through the close of the next round of contract bidding for each such supplier, customer or host college.

WHEREFORE, Plaintiff Campus Stores of Mass., Inc., hereby prays that this Court allow and enter the following relief:

(1) Enter a Preliminary Injunction, and then a Permanent Injunction, enjoining Defendant Follett from contacting, soliciting or accepting business from, either directly or indirectly, Campus Stores' suppliers, customers or host colleges, including without limitation Curry College, through the close of the next round of contract bidding for each such supplier, customer or host college;

(2) Enter judgment in favor of Plaintiff and against Defendant on all counts in this Verified Complaint, plus interest, costs, attorneys' fees and multiple damages; and

(3) Enter such other relief as this Court deems just, equitable and appropriate.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all claims so triable.

PLAINTIFF

CAMPUS STORES OF MASS., INC.

By its attorneys,

Christopher P. Litterio, BBO #551098
Bradley L. Croft, BBO #633347
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, MA 02114
(617) 742-4200

SUFFOLK, ss. SUPERIOR COURT DEPT.
(date) May 26, 2005
Notice ordered issued hereon returnable
at the [illegible]
on Wednesday June 1, 2005 2 PM
to show cause why [illegible]
should not [illegible]
By the Court, ( [illegible] J.)
ATTEST:
Assistant Clerk

Summons and order of notice issued.

Dated: May 26, 2005

I HEREBY ATTEST AND CERTIFY ON MAY 31, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]

ASSISTANT CLERK.

***VERIFICATION***

I, Eric A. Cressman, on oath depose and say that I have read the foregoing Verified Complaint and swear that the factual allegations contained therein are true and accurate to the best of my knowledge, except where stated on information and belief, and there I believe them to be true. I further attest that I am duly authorized to act in this capacity on behalf of Campus Stores of Mass., Inc.

Eric A. Cressman
Eric A. Cressman, President
Campus Stores of Mass., Inc.
Duly Authorized

EX A

# CONFIDENTIALITY & NONDISCLOSURE AGREEMENT

AGREEMENT made as of this 23rd day of July, 2003, by and between Campus Stores of Mass., Inc., a company having a place of business at 645 County Street, Taunton, Massachusetts 02780 (hereinafter "**Campus Stores**") and Follett Corporation Higher Education Group, of 1818 Swift Drive, Oak Brook, Illinois 60523 (hereinafter "Follett-HEG").

In consideration of the mutual promises contained herein and for other good and valuable consideration, the parties hereto agree as follows:

1. Campus Stores and Follett-HEG both have as their purpose an interest in exploring a possible business relationship which may include a sale of Campus Stores' business. In order for the parties to explore this relationship, it may be necessary for each party to disclose certain of its Confidential Information.

2. As used in this Agreement the term "**Confidential Information**" means all data or information not generally known outside of Campus Stores' or Follett-HEG's business, as the case may be, whether prepared or developed by a source outside the respective company or received by the respective company from any outside source. Without limiting the scope of this definition, "Confidential Information" includes any customer files, sales reports, customer lists, sales invoices, concepts, ideas, trade secrets, and other methods and processes, formulae, data and know-how, discoveries, product development activities, developments, improvements, inventions, techniques, business or marketing plans, strategies, forecasts, new products, software packages and related documentation, unpublished financial statements and other financial information, budgets, projections, licenses, prices, costs, patent applications, customer and supplier lists, confidential reports and communications, contracts, and any other record, materials or information relating to the present or future business, products or prospects of either party which are not generally known to others engaged in similar business or activities.

3. The parties agree that any Confidential Information received or acquired by one party (the "**Receiving Party**") from the other party (the "**Disclosing Party**") hereunder, shall be held in trust and confidence for the Disclosing Party and Receiving Party shall not, without the prior written consent of the Disclosing Party, disclose such Information to anyone, nor use such Information for any purpose except in connection with the activities contemplated by this Agreement. The Receiving Party may disclose Confidential Information to his or her attorneys, accountants or other professional advisors, provided however that such advisor shall be bound by the terms hereof.

4. All written or other tangible embodiments of the Confidential Information, including, without limitation, plans, drawings, operations, specifications, financial statements, projections, contracts, models, or data disclosed in writing (or other tangible form, including without limitation, software, firmware and magnetic media) by the Disclosing Party to the Receiving Party in connection with this Agreement shall remain the property of the Disclosing Party at all times and shall be returned or delivered to the Disclosing Party upon request of the Disclosing Party together with all copies made thereof.

5. Each party shall have the right to refuse to accept any information under this Agreement, and nothing herein shall obligate either party to disclose to or receive from the other party, any particular information.

6. No disclosure of Confidential Information hereunder shall be deemed to constitute or imply any license or right to use or practice the same except as expressly provided herein.

7. Subject always to paragraph 3 above, however, the obligations of the Receiving Party with respect to the confidentiality and use of the Confidential Information of the Disclosing Party shall survive any termination of this Agreement and the cessation of the activities contemplated thereby for a period of five (5) years after disclosure of the relevant Confidential Information.

8. This Agreement shall not constitute an offer to sell the business of the Disclosing Party, or any portion thereof; the purpose of this Agreement being to allow the parties hereto the opportunity to determine if further negotiations concerning a sale of the business of the Disclosing Party, or portion thereof, should continue.

9. Upon written request of the Disclosing Party, the Receiving Party shall immediately return to the Disclosing Party any and all Confidential Information and copies thereof subject to this Agreement.

10. The Receiving Party agrees that for a period of two (2) years following the receipt of any Confidential Information from the Disclosing Party, it shall not hire any employee of the Disclosing Party, nor solicit or induce any employee of the Disclosing Party to terminate their employment with the Disclosing Party. Furthermore, the Receiving Party shall not use any Confidential Information of the Disclosing Party for any competitive purposes. Follett-HEG agrees not to contact, solicit or accept business from, either directly or indirectly, Campus Stores' suppliers, customers or host colleges through the close of the next round of contract bidding for each such supplier, customer or host college. The restriction in the immediately preceding sentence shall be applicable only with respect to the first time each of such contracts come up for bid or renewal following the date of this Agreement.

11. In the event of any breach or threatened breach of any provision of this Agreement, the Disclosing Party shall be entitled to immediate temporary, preliminary and/or permanent injunctive relief to prevent any such breach or threatened breach, in addition to any other relief available at law or at equity.

12. The provisions of this Agreement shall be deemed severable, and invalidity or unenforceability of any one or more of the provisions hereof, shall not affect the validity and enforceability of the other provisions hereof.

13. The Receiving Party indemnifies and agrees to hold the Disclosing Party harmless from and against any and all losses, damages, liabilities, costs and expenses, including attorneys'

fees, incurred by the Disclosing Party, arising out of or relating to the breach by the Receiving Party of any of the agreements contained herein.

14. This Agreement supersedes all prior agreements, understandings, representations and statements, whether oral or written, between the parties relating to the subject matter of this Agreement. The terms of this Agreement may not be changed except by subsequent written agreement duly executed by each of the parties.

15. Any notice given under this Agreement shall be in writing and delivered by first class mail, facsimile or telex to the parties at the address set forth above, unless changed by written notice.

16. This Agreement shall be governed by and interpreted in accordance with the laws of The Commonwealth of Massachusetts. The parties hereby agree to submit to the exclusive jurisdiction of the courts of The Commonwealth of Massachusetts, and as necessary, the Federal courts of the United States of America located in such state, in respect of the interpretation and enforcement of all matters relating to this Agreement, and hereby waive and agree not to assert, as a defense in any action, suit or proceeding for the interpretation or enforcement of this Agreement, that such respective party is not subject thereto or that such action, suit or proceeding may not be brought or is not maintainable in said court or that this Agreement may not be enforced in or by said courts.

IN WITNESS WHEREOF the parties hereto have executed this Agreement under seal the day and year first written above.

CAMPUS STORES OF MASS, INC.

By: Eric A. Cressman
Name: ERIC A. CRESSMAN
Title: PRESIDENT

FOLLETT HIGHER EDUCATION GROUP

By: [signature]
Name: Scott Deaton
Title: Execiutive Vice ~~President,~~ Marketing

U:\Doc\Campus Stores\Confidentiality Agreement- 6-30 - Clean.doc

2

**CIVIL ACTION COVER SHEET**

DOCKET NO(S) B.L.S. 05-2120

Trial Court of Massachusetts
Superior Court Department
County: SUFFOLK

PLAINTIFF(S): Campus Stores Of Mass, Inc.

DEFENDANT(S): Follett Higher Education Group, Inc.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Christopher P. Litterio, Bradley L. Croft
Ruberto, Israel & Weiner, P.C.
100 North Washington St., Boston, MA 02114 617-742-4200
Board of Bar Overseers number

ATTORNEY (if known) Mark Berthiaume, Esq., Seyfarth Shaw LLP
World Trade Center East, Two Seaport Lane, Suite 300
Boston, Massachusetts 02210-2028

**Origin Code**

**Original Complaint**

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2005 MAY 26 P 2: 39
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| BD3 | Restrictive Covenants | ( B* ) | ( X ) Yes ( ) No |

**The following is a full and detailed statement of the facts on which plaintiff relies to determine eligibility in to The Business Litigation Session.**

In connection with the potential purchase of Plaintiff's college bookstore business, Defendant Follett Higher Education Group, Inc. ("Follett") signed a Confidentiality and Nondisclosure Agreement (the "Agreement") in which it agreed:

- It would be receiving from Plaintiff Campus Stores of Mass., Inc. ("Campus Stores") Confidential Information such as customer lists, customer contract information including expiration dates, sales data, profitability analysis, marketing plans and staffing models.
- It would keep this information strictly confidential and would not use it "for any competitive purposes."
- It would not "contact, solicit or accept business from" Campus Stores' customers.
- That injunctive relief was appropriate to prevent any "breach of threatened breach of any provisions of this Agreement."

Follett has breached the Agreement by contacting and soliciting the business of Curry College, one of Campus Stores' customers. Campus Stores has demanded that Follett cease and desist its efforts to procure the Curry College contract, but Follett has failed to give any assurance it has done so.

***A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation Session at the Rule 16 Conference.**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record [signature] DATE: 5/26/2005

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

**I HEREBY ATTEST AND CERTIFY ON**
MAY 31, 2005, **THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN**
**CLERK / MAGISTRATE**
**SUFFOLK SUPERIOR CIVIL COURT**
**DEPARTMENT OF THE TRIAL COURT**

**BY:** [signature]

ASSISTANT CLERK.

3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. **BLS** 05-2120

CAMPUS STORES OF MASS., INC.,

Plaintiff,

v.

FOLLETT HIGHER EDUCATION GROUP, INC.

Defendant.

**PLAINTIFF'S MOTION FOR SHORT ORDER OF NOTICE**

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2005 MAY 26 P 2:41
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

Plaintiff Campus Stores of Mass., Inc. ("Campus Stores") hereby moves for the issuance of a Short Order of Notice for a hearing on its Motion for Preliminary Injunction for **Tuesday, May 31, 2005, at 10:00 a.m.** As grounds in support of this motion, Plaintiff states that the short order of notice is necessary given the exigencies raised in the Motion for Preliminary Injunction and the grave risks of irreparable harm that would result if an injunction does not issue on or before May 31, 2005.

WHEREFORE, Campus Stores respectfully requests that the Court issue an Order or Notice for a hearing on its Motion for Preliminary Injunction for **May 31, 2005 at 10:00 a.m.**

PLAINTIFF

CAMPUS STORES OF MASS., INC.

By: [signature]
Christopher P. Litterio, BBO #551098
Bradley L. Croft, BBO #633347
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, MA 02114
(617) 742-4200

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party ~~by mail~~ (by hand) on
May 26, 2005
[signature]

Dated: May 26, 2005

I HEREBY ATTEST AND CERTIFY ON
MAY 31, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]

ASSISTANT CLERK.

4

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT 05-2120 B.L.S.
CIVIL ACTION NO. **BLS** ________

CAMPUS STORES OF MASS., INC.,

Plaintiff,

v.

FOLLETT HIGHER EDUCATION GROUP, INC.

Defendant.

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
2005 MAY 26 P 2:39
MICHAEL JOSEPH DONOVAN
CLERK/MAGISTRATE

Pursuant to Mass.R.Civ.P. 65(b), Plaintiff Campus Stores of Mass., Inc. ("Campus Stores") hereby moves for a preliminary injunction to enforce the restrictive covenants contained in a Confidentiality and Nondisclosure Agreement (the "Agreement") signed by Defendant Follett Higher Education Group, Inc. ("Follett") in connection with its potential acquisition of Campus Stores in 2003. Specifically, Plaintiff seeks to enjoin Follett from contacting, soliciting or accepting business from Campus Stores' customers, including, without limitation, Curry College.

As described more fully in Plaintiff's supporting memorandum of law and in the Verified Complaint, filed herewith, Campus Stores is entitled to preliminary injunctive relief to enforce the restrictive covenants in the Agreement because it can demonstrate: (1) a likelihood of success on the merits of its claim that Follett breached, or is threatening to breach, the Agreement; (2) a substantial risk that Campus Stores will suffer irreparable harm in the absence of the requested injunction; and (3) that the gravity of the risk of harm to Campus Stores, considered in the light

of its chances of success, outweighs the risk of harm to Follett. Specifically, Follett has breached the Agreement by contacting and soliciting the business of Curry College, one of Campus Stores' customers. If Follett is permitted to contact and solicit Campus Stores' customers, it would be able to obtain an unfair competitive advantage based on its knowledge of Campus Stores' Confidential Information, including its pricing, commission structure, contract terms, and staffing models. As such, the bidding process for the renewal of Campus Stores existing accounts would unfairly favor Follett, thus resulting in irreparable harm to Campus Stores.

Although Campus Stores has demanded that Follett cease and desist its efforts to procure the Curry College contract, Follett has failed to give any assurances it has done so. Given Follett's calculated efforts to raid Campus Stores' customer base and its conscious disregard of its clear contractual obligations, an injunction is necessary to prevent Campus Stores from suffering the irreparable harm that would result if Follett is permitted to benefit from its violation of the Agreement.

WHEREFORE, Campus Stores respectfully requests that the Court grant its Motion for Preliminary Injunction and enter in the Order in the form attached thereto as Exhibit A.

I HEREBY ATTEST AND CERTIFY ON MAY 31, 2005 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: [signature]

ASSISTANT CLERK.

Respectfully Submitted,

CAMPUS STORES OF MASS., INC.

By its attorneys,

[signature]

Christopher P. Litterio, BBO #551098
Bradley L. Croft, BBO #633347
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, MA 02114
(617) 742-4200

Dated: May 26, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party ~~by mail~~ by hand on May 26, 2005

[signature]

 EX A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

CAMPUS STORES OF MASS., INC.,

Plaintiff,

v.

FOLLETT HIGHER EDUCATION GROUP, INC.

Defendant.

**ORDER – PRELIMINARY INJUNCTION**

Until further order of this Court, it is hereby ORDERED and ADJUDGED that Defendant Follett Higher Education Group, Inc. is enjoined, prohibited and restrained from the following:

(1) Disclosing or using any Confidential Information that it received from Plaintiff without Plaintiff's prior written consent; and

(2) Contacting, soliciting or accepting business from, either directly or indirectly, Campus Stores' suppliers, customers or host colleges, including without limitation Curry College, through the close of the next round of contract bidding for each such supplier, customer or host college.

**ENTERED AS AN ORDER OF THIS COURT THIS _______ DAY OF MAY, 2005.**

_______________________________________

(___________________, J.), Justice of the Superior Court

5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 05-2120 BLS2
(Judge Burnes)

CAMPUS STORES OF MASS., INC.

vs.

FOLLETT HIGHER EDUCATION GROUP

NOTICE OF ACCEPTANCE INTO BUSINESS LITIGATION SESSION

This matter has been accepted into the Suffolk Business Litigation Session. It has been assigned to Judge Nonnie S. Burnes.

Hereafter, as shown above, all parties must include the initials "BLS2" at the end of the docket number on all filings. Also, Judge Burnes's name must be included.

Counsel for the plaintiff(s) is hereby advised that within seven (7) days of the filing of an appearance, answer, motion or other response to the complaint by or on behalf of the defendant(s) which has been served with process within the time limitation of Mass. R. Civ. P. Rule 4(j), or such other time as may be modified by the Court, he or she shall send notice thereof to Judge Burnes's Session Clerk, Courtroom 1017, Suffolk Superior Court, Three Pemberton Square, Boston, MA 02108.

Upon receipt of such notice, the Court will issue a Notice of Initial Rule 16 Conference for purposes of meeting with all counsel to plan for the litigation and resolution of this matter. If possible, the Court requests counsel for the plaintiff(s) to confer with counsel for the defendant(s) and to suggest to the Court a range of dates available for all parties for this purpose and to include those dates in the notice. The Court, however, retains the discretion to schedule the hearing at a time that fits within its own schedule.

DATED: May 26, 2005

Allan van Gestel, Presiding Justice
Business Litigation Session

I HEREBY ATTEST AND CERTIFY ON MAY 31, 2005, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: ____________

ASSISTANT CLERK.