IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CAMPUS STORES OF MASS., INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | C.A. No. 05-11116 NG |
| FOLLETT HIGHER EDUCATION GROUP, INC., | ) ) ) ) ) | |
| Defendant. | ) ) | |

**ANSWER
AND JURY CLAIM OF
FOLLETT HIGHER EDUCATION GROUP, INC.**

Defendant, Follett Higher Education Group, Inc. (hereinafter "Follett"), responds to the Amended Verified Complaint filed by plaintiff, Campus Stores of Mass., Inc. ("Campus Stores"), as follows:

1.  Follett is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 1.

2.  Follett admits so much of paragraph 2 as avers that it is an Illinois Corporation. Follett otherwise denies the averments set forth in paragraph 2.

3.  Follett is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 3.

4.  Follett admits so much of paragraph 4 as avers that it manages more than 700 campus bookstores nationwide and provides management systems, support services and used textbooks to over 1,800 independently managed bookstores. Follett is without

knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 4.

5. Follett denies so much of paragraph 5 as avers that information regarding the identity of the host colleges with which Campus Stores had contracts, the financial terms of each relationship, the commission structure, staffing models, profit margins and the dates that each contract was to expire amounted to confidential information that was not generally known to the public and was protected by Campus Stores. Follett is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 5.

6. Follett is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 6.

7. Follett admits so much of paragraph 7 as avers that it entered into a Confidentiality & Non-Disclosure Agreement dated July 23, 2003 with Campus Stores. Further answering, Follett states that the Confidentiality & Non-Disclosure Agreement is a document, the content of which speaks for itself. Follett otherwise denies the averments set forth in paragraph 7.

8. Follett admits so much of paragraph 8 as avers that Campus Stores provided it with certain information in connection with the Confidentiality & Non-Disclosure Agreement, but denies that all of that information amounted to confidential information. Follett is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 8.

9. Follett is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 9.

10.     Follett denies so much of paragraph 10 as avers, expressly or implicitly, that Campus Stores had, or was led to believe it had, any likelihood of continuing as the operator of Curry College's bookstore after the May 31, 2005 contract expiration.  Follett is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in paragraph 10.

11.     Follett admits so much of paragraph 11 as avers that Thomas Christopher, the President of Follett, received a letter dated May 5, 2005 purporting to be from counsel for Campus Stores, the content of which speaks for itself.  Follett otherwise denies the averments set forth in paragraph 11.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Follett admits so much of paragraph 15 as avers that it is now operating the bookstore at Curry College.  Follett otherwise denies the averments set forth in paragraph 15.

## COUNT I

16.     Follett repeats, realleges and incorporates by reference herein its responses to paragraphs 1 through 15 above.

17.     Follett is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 17.

18.     Denied.

19.     Denied.

BO1 15605754.1

## COUNT II

20. Follett repeats, realleges and incorporates by reference herein its responses to paragraphs 1 through 19 above.

21. Denied.

25.[1] Denied.

26. Denied.

## COUNT III

27. Follett repeats, realleges and incorporates by reference herein its responses to paragraphs 1 through 26 above.

28. Denied.

29. Denied.

30. Denied.

## COUNT IV

31. Follett repeats, realleges and incorporates by reference herein its responses to paragraphs 1 through 30 above.

32. Follett is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 32.

33. Follett is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in paragraph 33.

34. Denied.

35. Denied.

---

[1] As drafted, Campus Stores' Amended Verified Complaint does not include paragraphs numbered 22, 23 or 24.

- 4 -

## COUNT V

36.     Follett repeats, realleges and incorporates by reference herein its responses to paragraphs 1 through 35 above.

37.     Denied.

## FIRST AFFIRMATIVE DEFENSE

The Amended Verified Complaint fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Campus Stores is barred from pursuing or recovering on its claims due to lack and/or failure of consideration.

## THIRD AFFIRMATIVE DEFENSE

If Campus Stores suffered damages (which Follett denies), it is not entitled to recover due to its failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Campus Stores is estopped from pursuing or recovering on its claims due to its own acts and/or omissions.

## FIFTH AFFIRMATIVE DEFENSE

Campus Stores cannot pursue or recover on its claims due to the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Campus Stores cannot pursue or recover on its claims as it cannot establish that it would have secured the Curry College bookstore contract after May 31, 2005 but for the alleged actions of Follett.

## SEVENTH AFFIRMATIVE DEFENSE

If Campus Stores suffered damages (which Follett denies), it is as a result of the acts or omissions of third parties over whom Follett has no control and for whom Follett has no responsibility.

WHEREFORE, Follett prays that this Honorable Court:

1. Dismiss Campus Stores' claims, with prejudice;

2. Award Follett its reasonable attorney's fees and costs; and

3. Award Follett such other relief as the Court deems meet and just.

## JURY CLAIM

Follett hereby demands a jury trial as to all counts and issues so triable.

Respectfully submitted,

FOLLETT HIGHER EDUCATION GROUP, INC.

By its attorneys,


/s/ Mark Berthiaume
Mark A. Berthiaume, B.B.O. No. 041715
Timothy E. Maguire, B.B.O. No. 630773
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone: (617) 946-4800

DATED: June 29, 2005